# SCURA, WIGFIELD, HEYER, STEVENS & CAMMAROTA, LLP

ATTORNEYS AT LAW
1599 Hamburg Turnpike
P.O. Box 2031
Wayne, New Jersey 07470
Tel: (973) 696-8391    Fax: (973) 696-8571
[WWW.SCURA.COM](WWW.SCURA.COM)

JOHN J. SCURA III ● *
DAVID C. WIGFIELD
CHRISTOPHER HEYER ○
DAVID L. STEVENS ○
PIETRO CAMMAROTA ○
_____

CHRISTOPHER J. BALALA ●
DAVID E. SKLAR ○
GUILLERMO J. GONZALEZ ○
MARK T. MATRI ♦

\* **Certified by the Supreme Court of New Jersey as a Civil Trial Attorney**

○ Also admitted in New York
● Also admitted in Pennsylvania
♦ Also admitted in Florida

JOSEPH A. HALLOCK ♦
OF COUNSEL

**Please Reply to Wayne Office**

November 6, 2017

**VIA ECF**
Hon. Kathryn C. Ferguson, Chief Judge
Clarkson S. Fisher US Courthouse
402 East State Street
Trenton, NJ 08608

Re:    **Ralph P. Netta**
**Case No. 16-24790-KCF**
**Letter in Support of Motion for Relief from the Automatic Stay and Request for Shortening Time.**

Dear Honorable Ferguson:

As your Honor is aware, this firm represents Westgate Square II Condominium Association (the "Association") in the above referenced bankruptcy proceeding. Please let this letter serve as support for the Association's motion for relief from the automatic stay and request for shortening time.

Despite statements made by the Debtor in its opposition, according to the Debtor's schedules the property maintains no equity and it not necessary for an effective reorganization. The Debtor has asserted that the property value is $330,000.00, and it is undisputed that a second and third mortgage *currently exists* on the property. Shockingly, the Debtor now asserts that the property value is $388,000.00 in accordance with Century 21 Main Street Reality's appraisal, to continue to block the Association's efforts to seek state court remedies.

**SCURA, WIGFIELD, HEYER, STEVENS & CAMMAROTA, LLP**
──────────── ATTORNEYS AT LAW ────────────

November 6, 2017                                                                                                           Page 2

      It is undisputed that the Debtor has voluntarily converted to Chapter 7. As a result, the adversary proceedings concerning the extent and validity of the second and third mortgages are moot, because the Debtor is seeking to liquidate his assets, not reorganize. In considering the balance of equities, the Debtor's argument that "there is potential for equity" does not overcome the Association's rights to seek state court remedies, when there is ***no equity today***. Likewise, the Chapter 7 Trustee, not the Debtor has standing to litigate the adversary proceedings and the Association is not required to wait until the Trustee has abandoned his interest in the property to seek state court relief.

      Lastly, the Association will be substantially prejudiced if the Association is not permitted to seek immediate relief. As provided in the Motion, the writ of execution is set to expire on November 24, 2017. The Association will be required to expend unnecessary time and legal costs if the writ of execution expires, to the detriment of other Association members who will bear the costs. Likewise, the Debtor has not demonstrated that he will satisfy post-petition Association obligations following conversion. Accordingly, equity supports the conclusion that the motion for relief should be heard on shorten time.

      Thank you for your attention to this matter.

                                                       Respectfully submitted,

                                                       /s/ Guillermo J. Gonzalez
                                                       Guillermo J. Gonzalez, Esq.