**DENNIS M. MAHONEY, LLC**
Attorneys at Law
One Woodbridge Center
Suite 240
Woodbridge, NJ 07095
(732) 855-1776
Attorney ID# 016491976
Attorneys for Debtor, Ralph P. Netta

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re:* | Case No. 16-24790-KCF |
| RALPH P. NETTA, | Hon. Kathryn C. Ferguson |
| Debtor. | Chapter 7 |
| | Hearing Date: November 21, 2017 @ 10:00 |

*Oral Argument Requested*

**ATTORNEY CERTIFICATION IN OPPOSITION TO MOTION FOR
RELIEF FROM THE AUTOMATIC STAY**

I, Dennis M. Mahoney, certify as follows:

1. I am the attorney for the Debtor in the above matter. This Certification is submitted in response to the Certification, of today's date, by Guillermo J. Gonzalez, the attorney for the movant, Westgate Square II Condominium Association.

2. Counsel argues that this Motion should be heard on a shortened time period, because their Writ of Execution will expire on November 24, 2017, and that they will have to spend significant time and money to obtain a new Writ of Execution. Counsel had previously asserted that the shortened time period was necessary because, assuming they would be successful in vacating the automatic stay on November 21, 2017, they would proceed to Sheriff's Sale on

November 22, 2017, prior to their Writ expiring on November 24, 2017.

    3. The flaw, in that argument, is that there is no Sheriff's Sale scheduled for November 22, 2017. It had been scheduled for November 15, 2017, which was before the shortened return date of the Motion. It could not be moved to November 22nd, because that is not a Sheriff's Sale date.

    4. The movant's non-bankruptcy counsel has scheduled the Sheriff's Sale for **December 20, 2017.** See attached **Exhibit A.** Clearly, there is a lack of communication between Westgate's two attorneys. Accordingly, whether this Motion is heard on November 21st or not, and whether the relief sought is granted or not, movant will still have to apply for a new Writ of Execution, and nothing is going to happen until at least December 20, 2017.

    5. The 341 hearing in this matter is scheduled for December 4, 2017, well before the December 20th Sheriff's Sale. Accordingly, it would seem to make sense that this Motion be continued until after December 4, 2017, so that the Trustee can exam the matter and determine whether there is the potential to recover equity from this property.

    6. Movant's Judgment of Foreclosure, which they are anxious to execute on, was obtained by non-bankruptcy co-counsel, Judith A. Fallat. (Exhibit A) That foreclosure action was against the Debtor only. The first mortgagee, the second mortgagee, and the third mortgagee were not made defendants to the action and, thus, their interests were never foreclosed upon.

    7. If counsel's argument is true that there is no equity in the property, why would he be anxious to foreclose property with a first, second, and third mortgagee ahead of him?

    8. Conversely, if there is merit to the pending adversary proceeding, which seeks to expunge the second and third mortgages, and if the Trustee were to pursue that litigation, it would be a boon to everyone involved, including the movant.

9. Accordingly, it is respectfully submitted that there is no reason that this Motion has to be heard on short notice and prior to the 341 meeting. It is further respectfully submitted that the Motion should be denied on its merits, since there is the potential for equity in the property and the Trustee has not abandoned his interest.

10. I respectfully request oral argument unless, of course, the Court decides to carry the Motion, to abide the 341 meeting and Trustee's examination of the file, as well as his decision as to whether to abandon his interest.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the statements are willfully false, that I am subject to punishment.

/s/ Dennis M. Mahoney
Dennis M. Mahoney, Esq.

Dated: November 16, 2017

THE LAW OFFICES OF

# JUDITH A. FALLAT

MEMBER NJ AND NY BAR

JAMES F. KANE, OF COUNSEL
CERTIFIED BY THE SUPREME COURT OF NEW JERSEY
AS A CIVIL TRIAL COUNSEL ATTORNEY
MEMBER NJ AND CA BAR



MEMBER OF
community
ASSOCIATIONS INSTITUTE

November 8, 2017

<u>VIA EMAIL ONLY</u>
Rose
Middlesex County Sheriff's Office
701 Livingston Avenue
P. O. Box 1188
New Brunswick, NJ 08903

Re: Westgate Square II Condominium Association, Inc. v.
    Ralph Netta & Maggie M. Netta
    Docket No: F-037627-14
    (147 Linda Lane, Edison, New Jersey 08820)

Dear Rose:

The Law Offices of Judith A. Fallat is counsel to Westgate Square II Condominium Association, Inc. The Association's Sheriff's Sale is currently scheduled for Wednesday, November 15, 2017. We are requesting an adjournment until Wednesday, December 20, 2017 as we understand no sales will be scheduled for November 22, 2017. By copy of this letter, I am advising the defendant's counsel of same.

If you have any questions or are in need of any additional information, please contact me. Thank you for your anticipated cooperation.

Very truly yours,

Judith A. Fallat

JAF/cjs
File 4106
Encl.
CC:   Dennis Mahoney, Esq. (via email only)
     Bernhard Fryd, Property Manager (via email only)

92 BROADWAY, SUITE 201, DENVILLE, NJ 07834
PHONE: 973-586-2120 FAX: 973-586-2135
WWW.FALLATLAW.NET INFO@FALLATLAW.NET

EXHIBIT A